Larry Eugene **PHILLIPS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–90–080 CR.

Court of Appeals of Texas, Beaumont.

Feb. 13, 1991.

Curtis W. Fenley, III, Lufkin, for appellant.

Clyde M. Herrington, Asst. Dist. Atty., Lufkin, for the State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is an out-of-time appeal based on the granting of a Writ of Habeas Corpus by the Court of Criminal Appeals on April 25, 1990. Appellant had entered a plea of guilty on April 24, 1989 to the felony offense of Aggravated Sexual Assault. There was no plea bargain recommendation as to punishment other than the State agreeing to make no recommendation. Prior to his guilty plea in April, appellant had filed a sworn "Application For Probated Sentence" on December 5, 1988 evidencing the fact that appellant was eligible for probation. Appellant's sentencing hearing took place on September 6, 1989 prior to which a Pre–Sentence Investigation was prepared. The trial court then assessed punishment at fifteen (15) years confinement in the Texas Department of Corrections (now the Institutional Division of the Texas Department of Criminal Justice).

On September 11, 1989, appellant's trial counsel filed a Motion for New Trial. After all deadlines in the appeal process had expired, appellant had new counsel appointed (trial counsel had been retained), and filed an Application for Writ of Habeas Corpus in the trial court. A hearing was held upon said application on March 13, 1990 resulting in written findings of fact by the trial court. The basis of appellant's habeas corpus complaint was that his trial counsel failed to properly follow through on the Motion for New Trial based on "newly discovered evidence available for Defendant," and that trial counsel failed to adequately and properly prosecute an appeal on appellant's behalf. The trial court essentially agreed with these contentions and recommended that appellant be granted an out-of-time appeal. Appellant now presents three points of error to us as follows:

*Point 1.* The district court erred in accepting a plea of guilty and entering a judgment thereon because appellant was denied effective assistance of counsel and his right to due process and a fair trial.

*Point 2.* The district court erred in overruling the motion for new trial because appellant was denied effective assistance of counsel and his right to due process and a fair trial.

*Point 3.* Appellant was denied effective assistance of counsel and his right to due process and a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution in not being advised of the unavailability of probation and counsel's failure to proceed with the motion for new trial.

We will first address Point of Error 2 and the portion of Point of Error 3 which deals with trial counsel's failure to proceed with the motion for new trial as they involve alleged procedural omissions by trial counsel. We are of the opinion that any such procedural omissions made by trial counsel in failing to properly prosecute any appellate matters on behalf of appellant were rendered moot by the Court of Criminal Appeals granting appellant his right to an out-of-time appeal. The Court stated:

Relief is hereby granted.... The proper remedy in a case such as this is to return the applicant to the point at which he can give notice of appeal. He may then, with the aid of counsel, follow the proper procedures in order that a meaningful appeal from his conviction may be taken.

In order for a "meaningful appeal" to be undertaken on appellant's behalf, we take the Court's language to mean that appellant is to be placed back at the same position he was the moment he filed his Motion for New Trial. This is in keeping with a line of cases from the Court of Criminal Appeals involving appellants whose trial attorneys file timely notices of appeal and then virtually disappear without formally withdrawing from the cases. In those situations, the Court has stated that the only remedy is to place the appellant in the same position after he gave notice of appeal as he would have been had an attorney never been retained or appointed to represent appellant on his direct appeal. *See, Ex parte Goodall,* 632 S.W.2d 750 (Tex. Crim.App.1982); *Ex parte Raley,* 528 S.W.2d 257 (Tex.Crim.App.1975, *overruled on other grounds*); *Ex parte Hill,* 528 S.W.2d 259 (Tex.Crim.App.1975). In the instant case, since trial counsel's only post-conviction action was to file the Motion for New Trial, we feel that the proper position for appellant in order for him to effectuate his right to a "meaningful appeal" is to place him in the position he was in at the point his Motion for New Trial was filed. In so doing, all procedural rights belonging to appellant that may have been waived by the actions or inactions of trial counsel have been restored by the Court of Criminal Appeals' grant of relief. Appellant's newly appointed counsel on appeal had every opportunity to proceed with the Motion for New Trial and request a hearing in order to develop whatever evidence he needed in support of the contentions contained in the motion. As the appellant was provided with this opportunity, we certainly find no denial of due process. Point of Error 2 and the procedural complaint in Point of Error 3 are overruled.

We now consider the remaining two points of error which have as their common complaint ineffective assistance of counsel by appellant's trial counsel involving substantive errors with regard to appellant's plea of guilty and sentencing hearings. In support of these remaining points of error, appellant has provided us with the statement of facts from three separate hearings; the plea before the trial court on April 24, 1989, the sentencing hearing on September 6, 1989, and the hearing on appellant's Application for Writ of Habeas Corpus on March 13, 1990. All three volumes are quite brief.

We interpret appellant's rather broad and generalized complaints in Points of Error 1 and 3 as contending that his plea of guilty was involuntary because of the ineffectiveness of trial counsel in several areas. From appellant's brief we are able to extract five specific allegations directed against appellant's trial counsel: that appellant's trial counsel failed to "follow through" on potential witnesses and evidence; that trial counsel recommended that appellant plead guilty to aggravated sexual assault without any "instruction, investigation or consultation"; that trial counsel failed to advise or instruct appellant on the effect of the plea or the potential penalties resulting from the plea; that trial counsel "indicated he would obtain probation, yet

instructed Appellant to plead guilty when the attorney knew or should have known Appellant would not be entitled to probation"; and that trial counsel presented no evidence or testimony at the sentencing hearing although trial counsel had been provided with information on potential witnesses.

Appellant is correct in citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as the leading case on the question of ineffective assistance. In *Strickland*, the Supreme Court set out a two-prong test to determine whether counsel was ineffective in assistance at trial. The burden is on the appellant to first demonstrate that counsel's performance was deficient; that is, counsel's assistance was not reasonably effective. Then, appellant must show prejudice; that is, appellant must show that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland, supra*, 466 U.S. at 686, 104 S.Ct. at 2063. Even though the instant case involved a plea of guilty, the *Strickland* test governs. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

██ In the instant case, appellant has failed to present us with a sufficient record in order to satisfy his burden under the two-prong test of *Strickland*. Appellant does not show that trial counsel did not "follow through" on any potential witnesses or evidence. The statement of facts from the March 13, 1990 hearing does contain the following:

Q. (Appellant's attorney) Was that evidence discussed with Mr. Brazil prior to the plea bargain agreement (sic)?

A. (Appellant) Yes, sir. He didn't know —well, I had told him about it, but he just didn't, you know, do anything about it. *I guess* he just didn't investigate it, didn't think it was necessary or something. *I don't know how he handled it,* but he didn't call her. (emphasis added).

It is apparent that appellant was unaware if his trial attorney had talked to any witnesses or not. This is no evidence of deficient conduct, and without any evidence as to what any of these potential witnesses would testify to, appellant has not shown prejudice.

██ As to the allegations that trial counsel recommended that appellant plead guilty to aggravated sexual assault without any "instruction, investigation or consultation;" and that trial counsel failed to advise or instruct appellant on the effect of the plea or the potential penalties resulting from the plea, the record reflects that appellant was fully and properly admonished by the trial court during the plea of guilty. The March 13, 1990 hearing contains the following questions to appellant by the same trial court judge that accepted the plea:

The Court: All right. Do you also remember that I specifically asked you or told you that because this offense was aggravated sexual assault of a child that you would not be eligible for probation by pleading guilty to me?

The witness: Yes, sir, you did say that was—excuse me, sir. Was that the second—was it in this here?

The Court: No, no, it was—I think I asked it both times.

The witness: Okay.

\*　　\*　　\*　　\*　　\*　　\*

The Court: All right. Now, let's shift gears to the date of the sentencing, which was September the 6th. And I believe at that hearing, which was held in this courtroom that we're in here today—

The witness: Right, sir.

The Court: —that I did ask you again that you understood before I sentenced you that you were not eligible for probation.

The witness: Yes, sir, I do.

The Court: Okay. So that you did know that you were going to have to go to the penitentiary, that even if I wanted to give you probation that the law did not allow me to give you probation?

The witness: Yes, sir.

Admittedly during this March 13, 1990 hearing appellant constantly switched back and forth from declaring that he did understand what was going on during the plea

proceedings to claiming that he did not understand what was going on. At any rate, the trial court's written findings of fact resulting from the March 13, 1990 hearing included the findings that appellant was admonished by the trial court concerning the range of punishment; and that appellant was advised by the trial court that he was not eligible for probation from the trial court because of the nature of the offense with which he was charged. We find ample support for these findings in the record and again no demonstration of any deficiency on the part of trial counsel, nor any prejudice to appellant.

The allegation that trial counsel "indicated he would obtain probation, yet instructed Appellant to plead guilty when the attorney knew or should have known Appellant would not be entitled to probation" has no basis in the record before us, and is actually contradicted to some extent by appellant's own testimony:

The Court: Okay. Did he ever make any representations to you about what your punishment was going to be?

The witness: No, sir, he didn't.

The Court: Before you came into my courtroom, this courtroom, back on September the 6th of 1989, did he ever make any representations to you about what your punishment was going to be?

The witness: No, sir.

The Court: Did he ever tell you that you were going to get probation?

The witness: He said that he was going to *try* to get me probation. (emphasis added).

This certainly does not rise to the definitive nature of the claim by appellant that trial counsel "would obtain probation" for him. This specific allegation of ineffectiveness is very misleading to say the least and we take strong exception to it.

■ The final complaint of ineffectiveness avers that trial counsel presented no evidence or testimony at the sentencing hearing although trial counsel had been provided with information on potential witnesses. The statement of facts does support the fact that no testimonial or physical evidence was introduced by appellant's trial counsel at the sentencing hearing. Nevertheless, the record before us is totally devoid of any proof of what witnesses or evidence could have been presented and what these witnesses or evidence would have shown in order to mitigate appellant's punishment. Appellant's brief represents to us the following:

The resulting deficiencies, coupled with counsel's failure to attempt any mitigation of the charges, resulted in sentencing of Appellant to fifteen (15) years incarceration. The potential evidence readily available and accessible to counsel *would have exonerated Appellant* of the charges (SF Vol. 2, p. 20) or at least presented evidence of lack of culpability requiring reduction of the charges and sentencing, thus meeting the second prong of the test. (emphasis added).

The only relevant testimony contained in Vol. 2, on page 20 of the statement of facts is the following question and answer:

[Q:] Okay. We.., do you remember if you had any questions of Mr. Brazil about either of those documents?

[A:] I know Mr. Brazil did not discuss anything really with me. Only thing—like if I go over there, only thing he's going to talk to me about is, have you found anything or have Yartha called you, have you talked to Yartha, anything dealing with Yartha, my solid evidence. I feel like she can get me out of this, but—

[Q:] I understand. I understand what you're saying.

At this point the response shifted back to whether or not appellant understood the plea papers that he admitted signing. This reference to "Yartha, my solid evidence" is the only testimony we are presented with that would indicate that appellant may have someone who would have testified favorably in his behalf. We can hardly characterize this record reference as proof that exonerating evidence existed and that trial counsel was deficient in not presenting this at the sentencing hearing. As discussed previously, appellant's counsel on appeal had the opportunity to request an evidentiary hearing on appellant's Motion

for New Trial in order to present testimony favorable to appellant's contentions. Such was not done and we find nothing in the record before us that satisfies appellant's burden to prove trial counsel's deficiency with regard to plea of guilty and sentencing hearings. Points of Error 1 and 3 are overruled.

Having found no error by the trial court nor ineffectiveness of representation on the part of trial counsel in the record before us, we affirm the judgment and sentence of the trial court.

AFFIRMED.