William Ralph BROOKS, Appellant,

v.

The STATE of Texas, State.

No. 2–97–271–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 13, 1998.

Discretionary Review Refused
Jan. 27, 1999.

Pete Gilfeather, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Steven W. Conder, Jay Lapham, Mollee Westfall, Asst. Dist. Attys., Fort Worth, for appellee.

Before DAUPHINOT, RICHARDS and HOLMAN, JJ.

## OPINION

RICHARDS, Justice.

### Introduction

Appellant William Ralph Brooks was convicted by a jury of indecency with a child by contact. The jury assessed appellant's punishment at 14 years' confinement and a $5,000 fine. Appellant argues in two points (1) that the trial court erred in

admitting his confession and (2) that his trial counsel was ineffective at punishment. Because we conclude that the trial court properly admitted appellant's confession and that appellant's trial counsel was not ineffective, we affirm the conviction.

### Summary of Relevant Facts

On the evening of February 12, 1995, eleven-year-old E.C. was at home with her family. E.C. went to get a pair of underwear out of the dryer because the pair she was wearing was torn. Appellant stopped E.C. on her way back to her bedroom and asked if he could change her underwear. E.C. replied "no." Appellant asked again, and E.C. again said "no." Appellant then said, "Don't be afraid," and proceeded to change her underwear. Appellant put E.C.'s underwear on her, but instead of pulling them all the way up, he touched her "where [she] urinate[s]."

The next day, E.C. told a friend about the incident and then talked with a school counselor. On February 23, 1995, Detective John McCaskill received a report from Child Protective Services. On March 20, 1995, appellant met with McCaskill for a twenty-minute interview at the Crimes Against Children office.

Before beginning the interview, McCaskill read appellant his *Miranda*[1] rights. During the interview, appellant denied touching E.C. and then left. On March 28, 1995, appellant and McCaskill met once again, this time at police headquarters. Robert Viana, an employee of the Fort Worth Police Department, read appellant his *Miranda* rights. Appellant then gave McCaskill a written statement consisting of his version of the incident. Afterward, appellant initialed the *Miranda* warnings, reviewed his statement, and signed it in McCaskill's presence.

At trial, appellant testified that, after getting E.C.'s underwear out of the dryer, he asked her if he could change her. Appellant further testified that after initially

refusing, E.C. agreed. Appellant admitted that he touched E.C.'s pubic hair because he wanted to "see what it felt like." Appellant was convicted of indecency with a child.

### Admissibility of Appellant's Confession

In his first point, appellant argues that the trial court erred in admitting his confession because the officer who took his statement was not the same person who warned him of his rights. In order for a written statement made during custodial interrogation to be admissible in criminal proceedings, an accused must be given statutorily enumerated warnings by either a magistrate or the person to whom a statement is made. *See* TEX.CODE CRIM. PROC. ANN. art. 38.22, § 2(a) (Vernon 1979).

Although appellant argues that he did not receive his statutory warnings from McCaskill, he actually received them twice from this officer. The first time was on March 20, 1995 when the two met at the Crimes Against Children office.

The plain language of article 38.22 does not specify a time limit in which the warnings must be given, as long as they are given *before* a statement is made. *See id.* The court of criminal appeals has stated that article 38.22 is satisfied when a defendant confesses to an officer without being warned where the officer knows that the defendant received his statutory warnings two days prior from a magistrate. *See Allridge v. State*, 762 S.W.2d 146, 157–58 (Tex.Crim.App.1988).

Furthermore, the purpose of requiring the person who takes a statement to be the one who also gives the accused the statutory warnings is to center responsibility on at least one specific person who witnessed all relevant events and who can later testify in court that the accused was not coerced in any way. *See* 40 George E. Dix and Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 13.50 (1995). This purpose is not frus-

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct.    1602, 16 L.Ed.2d 694 (1966).

trated by the facts of this case. McCaskill was the primary actor during every point of police contact with appellant except for the few minutes on March 28, 1995 in which Viana again warned appellant of his rights. McCaskill knew that appellant had received his warnings because he had personally given them to him at their previous meeting on March 20.

According to article 38.22(1), a written statement is defined as one which is signed by the person giving it. TEX.CODE CRIM. PROC. ANN. art. 38.22, § 2(a) (Vernon 1979). A written statement is not admissible unless it has been signed. *See LaSalle v. State*, 923 S.W.2d 819, 824 (Tex.App.—Amarillo 1996 pet. ref'd) (citing *Allridge*, 762 S.W.2d at 158). "Because a written statement is not 'obtained' (because it is not admissible) until it is signed, giving the required warnings before the accused signs the statement meets the statutory requirements." *Dowthitt v. State*, 931 S.W.2d 244, 258 (Tex.Crim.App.1996) (citing *Allridge*, 762 S.W.2d at 157–58).

Article 38.22 requires merely that the accused *receive* the statutory warnings before giving a statement. TEX.CODE CRIM. PROC. ANN. art. 38.22, § 2(a) (Vernon 1979). The court of criminal appeals has stated that an accused receives the warnings where they are located at the top of the page above his statement. *See Garcia v. State*, 919 S.W.2d 370, 386 (Tex.Crim.App. 1996) (op. on reh'g). The court explained that "[t]he appearance of [appellant's] initials . . . is evidence that he received them." *Id.*

McCaskill had appellant read and initial the pre-printed warnings that were located above appellant's typed statement before he signed it. Based on the case law and the plain meaning of the statute, this was sufficient to satisfy the requirements of article 38.22. Hence, because the purpose of the statute has not been violated and because McCaskill met the requirements of article 38.22, the trial court did not err in admitting appellant's confession. We overrule appellant's first point.

## Ineffective Assistance of Counsel

■ In his second point, appellant argues that his trial counsel was ineffective because he did not offer evidence that appellant was eligible for probation and he failed to object to the lack of a jury charge on the issue of probation. Since appellant complains of counsel's assistance only during the punishment phase of his bifurcated proceedings, we apply *Duffy*'s two-prong test: (1) whether counsel was reasonably likely to render effective assistance and (2) whether counsel reasonably rendered effective assistance. *See Ex parte Duffy*, 607 S.W.2d 507, 516, n. 17 (Tex.Crim.App. 1980); *Welch v. State*, 908 S.W.2d 258, 260–61 (Tex.App.—El Paso 1995, no pet.). Appellant has the burden of proving by a preponderance of the evidence that counsel provided ineffective assistance. *See Welch*, 908 S.W.2d at 261.

■ When the record contains no evidence to rebut the presumption that trial counsel made all significant decisions in the exercise of reasonable professional judgment, an appellate court may not make a finding of ineffective assistance based on speculation. *See Rodd v. State*, 886 S.W.2d 381, 385 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (citing *Jackson v. State*, 877 S.W.2d 768, 771–72 (Tex.Crim.App.1994)). "[T]he record before us is totally devoid of any proof of what witnesses or evidence could have been presented and what these witnesses or evidence would have shown in order to mitigate appellant's punishment." *Phillips v. State*, 804 S.W.2d 319, 323 (Tex. App.—Beaumont 1991, no pet.).

■ Appellant has not pointed to any evidence that could have been presented during the punishment phase to prove his eligibility for probation or to mitigate his sentence. Since the record does not affirmatively show that appellant was eligible to receive probation from the jury, he has failed to prove that his counsel was ineffective. *See Welch*, 908 S.W.2d at 261. Be-

cause appellant has failed to meet his burden, we cannot say that, under the *Duffy* test, trial counsel provided ineffective assistance. We overrule appellant's second point.

## Conclusion

Having overruled both of appellants points on appeal, we affirm the conviction.