NO. 07-07-0085-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 20, 2008
_____

JUAN JOSE DURAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-06I-108; HONORABLE ROLAND SAUL, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Juan Jose Duran, appeals his convictions for one count of aggravated sexual assault and three counts of sexual assault. After finding the enhancement portions of the indictment true, the jury assessed punishment at a term of confinement of 25 years for aggravated sexual assault and 15 years for each count of sexual assault, all terms of confinement to run concurrently. By one issue, appellant claims that the trial court erred in overruling his motion to suppress his confession. We affirm.

Factual and Procedural Background

On June 14, 2006, appellant was arrested for the unrelated offense of public intoxication. While in jail, appellant was interviewed by a Hereford Police Department detective. As a result of that interview, appellant gave a written statement admitting that he had sexual contact with the victim in the case before the court, though appellant characterized the encounter as consensual. As part of the process of giving a statement, appellant initialed and signed a card that listed his constitutional rights pursuant to Miranda v. Arizona.[1] Additionally, the written statement form signed by the appellant contained the same Miranda warnings above appellant's actual statement.

Appellant's trial counsel filed a motion to suppress the written statement alleging that the statement was taken in violation of appellant's constitutional rights under the applicable provisions of both the United States and Texas Constitutions. Additionally, appellant contends that the statement was taken without following the requirements of article 38.22 of the Texas Code of Criminal Procedure.[2] See TEX. CODE CRIM. PROC. ANN. art. 38.22 (Vernon 2005). The trial court held hearings on appellant's motion to suppress on December 21, 2006, and January 4, 2007. On both occasions, the trial court overruled appellant's motion to suppress.

---

[1]Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed 2d 694 (1966).

[2]Further references to the Texas Code of Criminal Procedure will be by reference to "art. _____."

In the case before the court, appellant contends that the detective who took his statement never read his <u>Miranda</u> rights to him before the statement was reduced to writing. The conflict in the testimony revolves around the issue of whether or not appellant could read. At the first suppression hearing, the detective testified he asked appellant if he could read to which appellant responded that he could read. The detective then gave appellant the card with the <u>Miranda</u> warnings and watched as appellant "apparently" read the warnings. In contrast, appellant testified at the same suppression hearing that he told the detective he could not read and that the detective gave him the card and told him to initial the same. The detective further testified that he had appellant dictate his statement, which the detective reduced to writing, and that he then read the statement to appellant including the <u>Miranda</u> warnings before appellant signed the same. At the second suppression hearing, the State produced the witness to appellant's signature who verified that the statement, including the warnings, was read aloud to appellant before appellant signed the statement.

## Standard of Review

When reviewing a trial court's decision to deny a motion to suppress, we review the decision under an abuse of discretion standard. <u>Oles v. State</u>, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). However, when the facts underlying the trial court's decision are not in dispute, we apply a *de novo* review. In the present case, the facts regarding whether appellant could read and whether the required warnings were read to him before he

executed the statement are contested; therefore, the abuse of discretion standard is applicable. See art. 38.22. See also State v. Ross, 32 S.W.3d 853, 858 (Tex.Crim.App. 2000). Whether the trial court abused its discretion depends upon whether, given the record and the law, its decision fell outside the zone of reasonable disagreement. See Benitez v. State, 5 S.W.3d 915, 918 (Tex.App.–Amarillo 1999, pet. ref'd). In reviewing trial court rulings on motions to suppress, appellate courts afford almost total deference to trial court determinations of historical facts and to decisions involving mixed questions of law and fact if the resolution of those questions depends on an evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). The trial judge may believe or disbelieve all or any part of a witness's testimony, even if that testimony is not controverted. Ross, 32 S.W.3d at 855. Finally, we must uphold the trial court's decision on any grounds, whether or not relied upon by the trial court, when the standard of review is abuse of discretion. Id. at 855-56.

Application

Appellant's contention is that since he cannot read, according to his own testimony, he could not have read the warnings. If he did not read the warnings then, according to appellant's theory, he could not have knowingly waived his rights guaranteed by those warnings. Finally, under appellant's theory, there is no way that the statement could have been taken in conformity with the requirements of the Texas Code of Criminal Procedure. See art. 38.22. If the statement was not taken in conformity with the procedural rules, the same was not then admissible. Id. at § 2.

4

The flaw in appellant's theory is the assumption that the trial court had to agree that appellant could not read. The trial court heard conflicting evidence regarding this matter. The State's witness testified appellant said he could read, albeit not well. The appellant testified he could not read at all. However, it is uncontradicted that appellant took the warning card from the detective and appeared to read the same. It was the province of the trial court to resolve this issue of credibility. Ross, 32 S.W.3d at 855. Accordingly, when the trial court denied the motion to suppress he, at least impliedly, found the more credible testimony to be that of the State's witness. Id.

Finally, there is the testimony at the second hearing on the motion to suppress wherein the State's witness testified he watched and heard the detective who was taking the statement read the entire document to appellant before he signed it. The statement, which was introduced, included the statements of appellant's rights under Miranda and therefore comported with the requirements of the Texas Code of Criminal Procedure. See art. 38.22 § 2. Again, it was the trial court's province to believe or disbelieve this testimony. Ross, 32 S.W.3d at 855. Further, the record supports the implied finding that the warnings were given before the statement was completed. Id. Accordingly, the warnings were sufficient to meet the statutory requirements. See Brooks v. State, 991 S.W.2d 39, 41 (Tex.App.–Fort Worth 1998, pet. ref'd). Therefore, the trial court did not abuse its discretion and appellant's issue is overruled.

Conclusion

Having overruled appellant's sole issue, the trial court's judgment is affirmed.


Mackey K. Hancock
Justice

Do not publish.