Rodney RODD, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–01240–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 1994.

Discretionary Review Refused
Dec. 14, 1994.

Karen Zellars, Houston, for appellant.

John B. Holmes, Jr., Ernest Davila, Harris County, for appellee.

Before DUGGAN, MIRABAL and WILSON, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant, Rodney Rodd, guilty of aggravated sexual assault of a child and assessed punishment at 10–years confinement. In two points of error, appellant asserts he was denied the effective assistance of counsel. We affirm.

### Factual Background

At appellant's trial, the complainant, L.S., testified as follows: In 1985, when she was 11 years old, her mother lived with a man named Kelly Windham. Windham had been sexually abusing L.S. and had taken sexually explicit photographs of her. On June 1, 1985, Windham invited appellant to their home, and told L.S. they were going to "practice" for a videotape Windham planned to make of her. L.S. was to perform a striptease in the video, and appellant advised her about the type of movements and seductive looks she should make. Windham then told L.S. they needed to practice the next portion of the video, and took her into the bedroom. While appellant was in the bathroom, Windham told L.S. to undress. When appellant came out of the bathroom, he was naked. Windham told L.S. to lie down and told appellant to "show him how he was supposed to do it." Appellant got on top of L.S., but instead of simulating sex, he penetrated her vagina. In pain, L.S. told appellant to leave her alone, and fled the room. L.S. did not tell anyone about this incident or about Windham's abuse until almost five years later, when she told her older brother.

L.S.'s mother, J.S.H., testified about her relationship with Windham. She stated that

after they had been living together a while, Windham asked her to do "sexual things" with other men, including appellant. She testified she had sexual relations with appellant several times with Windham present. She learned about the assault on L.S. from her oldest son, L.S.'s brother. J.S.H. also testified she had entered a plea of guilty to the offense of sexual assault of a minor.

Officer James Huckaby, the LaPorte police detective who investigated the case, testified that at the time of the assault, appellant and Windham both worked for the city of Pasadena. As a result of his investigation, Officer Huckaby filed a total of five charges against three people: Windham, J.S.H., and appellant. J.S.H. was charged with one count of sexual assault of a 14-year-old boy—a friend of L.S. Windham was also charged in connection with this incident. In connection with the assault on L.S., the LaPorte police charged Windham with two counts of aggravated sexual assault of a minor and charged appellant with one count of the same offense. Other prosecution witnesses included L.S.'s brother and her aunt.

Appellant testified that he knew Windham and had been to Windham's house about 20 times to make household repairs. He stated he had met L.S. one time at the house and several times at various social events; however, he denied having sex with L.S. He also denied having sex with her mother, J.S.H. Appellant testified he had a stroke in May 1985, and had not been able to maintain an erection since then. June Rodd, appellant's wife of 13 years, testified appellant had always had problems with impotence and that he "didn't want to have sex at all" after his stroke. Mrs. Rodd admitted, however, that she and appellant had two children after his stroke. The defense called no other witnesses.

After trial, the trial court granted appellant's request for substitution of counsel and in October 1992, appellant's new lawyer filed an amended motion for a new trial. In this motion, appellant asserted his trial counsel, John Knoff, had been ineffective because he: (1) failed to adequately investigate and prepare a defense; (2) failed to contact known favorable witnesses; (3) failed to adequately cross-examine State witnesses; (4) failed to adequately develop and present medical evidence; and (5) failed to call defense witnesses who were present, ready, and willing to testify.

At the hearing on his motion for new trial, appellant presented the affidavits of 22 persons who were acquainted with appellant and who attested to his good character and good reputation for the safe and moral treatment of children. Several affiants stated they appeared for the trial and expected to testify on appellant's behalf, but that appellant's attorney, Mr. Knoff, never called them.

The State presented the affidavit of Mr. Knoff, in which he discussed the strategic reasons behind his cross-examination of L.S., and stated he had never received medical records or reports reflecting appellant could not have sex. Mr. Knoff's affidavit did not address his strategic reasons for not calling witnesses other than appellant or appellant's wife, or the other bases for appellant's assertion of ineffective assistance of counsel. Appellant did not call Mr. Knoff to appear and testify at the new trial hearing to explain either his trial strategy regarding calling witnesses or any other alleged deficiency in his representation. The trial court denied appellant's motion.

Appellant has abandoned his complaints regarding adequate cross-examination and development and presentation of medical evidence. He asserts on appeal that trial counsel was ineffective because he did not develop or present evidence regarding appellant's good character and reputation for the safe and moral treatment of children, his good reputation for truth and veracity, and his worthiness for probation. Appellant specifically complains that Mr. Knoff did not interview or present available witnesses. His first point of error concerns the guilt-innocence stage of the trial; his second point of error concerns the punishment stage.

### Guilt-innocence

To obtain a reversal on the basis of ineffective assistance of counsel during the guilt-innocence stage of the trial, an appellant must show: (1) his counsel's perfor-

mance was so deficient that counsel was not functioning at the level of competence guaranteed by the sixth amendment, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 695, 104 S.Ct. 2052, 2068–69, 80 L.Ed.2d 674 (1984); *Hicks v. State,* 837 S.W.2d 686, 690–91 (Tex.App.—Houston [1st Dist.] 1992, no writ). The standard of review is gauged by the totality of the circumstances. *Hicks,* 837 S.W.2d at 690. The constitutional right to counsel does not mean errorless counsel or counsel whose competence is judged by hindsight. *Id.* We presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Davis v. State,* 830 S.W.2d 762, 765 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). A claim of ineffective assistance can only be sustained if it is firmly grounded in the record. *Id.* Appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Id.*

■ A criminal defense lawyer has the responsibility to conduct a legal and factual investigation and to seek out and interview potential witnesses. *Ex parte Welborn,* 785 S.W.2d 391, 393 (Tex.Crim.App.1990). An appellant who complains about trial counsel's failure to call witnesses must show the witnesses were available and that he would have benefitted from their testimony. *King v. State,* 649 S.W.2d 42, 44 (Tex.Crim.App. 1983); *Kizzee v. State,* 788 S.W.2d 413, 416–17 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). The decision to call a witness is generally a matter of trial strategy. *State v. Thomas,* 768 S.W.2d 335, 337 (Tex.App.—Houston [14th Dist.] 1989, no pet.). However, an attorney is ineffective if the failure to seek out and interview potential witnesses precludes the accused from advancing a viable defense. *Id.* at 336–37; *Pinkston v. State,* 744 S.W.2d 329, 332 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

■ The affidavits submitted by appellant during the hearing on his amended motion for new trial reflect the affiants were potential character witnesses and would have testified at guilt-innocence concerning appellant's reputation in the community for the good and moral treatment of children and for truthfulness and veracity. These potential witnesses would have been character witnesses only. Trial counsel's failure to call these people as witnesses did not preclude appellant from advancing a viable defense; trial counsel was still able to advance appellant's defense that he did not commit the offense and that he was physically unable to commit the offense. *See Hernandez v. State,* 799 S.W.2d 507, 509 (Tex.App.—Corpus Christi 1990, pet. ref'd); *Thomas,* 768 S.W.2d at 337. We do not find trial counsel was ineffective because he did not call these potential character witnesses to testify. We overrule point of error one.

### Punishment

■ The *Strickland* test does not apply to claims of ineffective assistance at the punishment stage of the trial. At the punishment stage, we judge counsel's effectiveness by the standard of "reasonably effective assistance." *Craig v. State,* 825 S.W.2d 128, 129–30 (Tex.Crim.App.1992); *Garner v. State,* 864 S.W.2d 92, 102 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). The right to effective assistance of counsel means counsel reasonably likely to render reasonably effective assistance of counsel. *Garner,* 864 S.W.2d at 102. This standard requires a showing of harm due to the alleged ineffective assistance. *Id.* In reviewing trial counsel's representation under this standard, we must examine the totality of the representation. *Ex parte Walker,* 777 S.W.2d 427, 431 (Tex.Crim.App.1989). The appropriate examination of the record includes counsel's representation during pretrial, the guilt-innocence stage of the trial, and the punishment stage. *Chapman v. State,* 859 S.W.2d 509, 516 (Tex.App.—Houston [1st Dist.] 1993, pet. filed); *Dedesma v. State,* 806 S.W.2d 928, 935 (Tex.App.—Corpus Christi 1991, pet. ref'd). Generally speaking, isolated instances in the record that reflect errors of commission or omission do not cause counsel to become ineffective. *Moore v. State,* 700 S.W.2d 193, 205 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 289 (1986).

Appellant asserts that because he was eligible for probation and had filed an affidavit establishing his eligibility for probation, the critical issue in the punishment stage of the trial was his worthiness for probation. The only evidence presented to the jury on this issue was appellant's own testimony that he was willing to follow the conditions of probation, and his wife's testimony concerning his importance to the family as the breadwinner.

Of the 22 affiants who attested to appellant's good character, seven stated they were willing to testify on appellant's behalf, and three of these stated they appeared at trial ready to testify, but that Mr. Knoff never discussed the case with them, and never called them. The seven affiants who were willing to testify also stated Mr. Knoff never contacted them before trial. The three who appeared at trial stated Mr. Knoff never discussed the case with them. June Rodd also provided an affidavit, in which she stated she and her husband gave Mr. Knoff the names of people who would be character witnesses, but, to her knowledge, Mr. Knoff never contacted these people.

It was appellant's burden to show that Mr. Knoff's assistance was ineffective. Clearly, appellant has demonstrated the potential witnesses were available and their testimony would have been favorable to him. Although we can discern no conceivable reason why Mr. Knoff would not call these witnesses, the record is silent on this issue. Stated another way, there is a lack of evidence in the record concerning trial counsel's reasons for not calling available witnesses. In his affidavit, Mr. Knoff did not address his strategic reasons for calling or not calling witnesses. Appellant did not call Mr. Knoff to appear and testify at the motion for new trial hearing. Thus, Mr. Knoff's reasons for not calling the witnesses—if he had any reasons—remain a mystery. When the record contains no evidence to rebut the presumption that trial counsel made all significant decisions in the exercise of reasonable professional judgment, we may not make a finding of ineffective assistance based on speculation. *Jackson v. State,* 877 S.W.2d 768, 771–72 (Tex.Crim.App.1994). On the basis of the record before us, we are unable to conclude Mr. Knoff's performance was deficient. We reluctantly overrule appellant's second point of error.

We affirm the trial court's judgment.