TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00312-CR







Juan Ybarra Arambula, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-95-0448-S, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING








 After a hearing on a motion to revoke deferred adjudication probation and
adjudicate guilt, appellant Juan Ybarra Arambula was found guilty of the third degree felony
offense of retaliation on a public servant, enhanced by two prior felony convictions. See Tex.
Penal Code Ann. § 36.06(c) (West 1994). The trial court sentenced him to seventy-one years'
incarceration under the habitual offender statute. See Tex. Penal Code Ann. § 12.42(d) (West
Supp. 1999). Appellant raises two issues on appeal. First, he contends that the trial court judge
deprived him of the right to a fair and impartial forum for punishment when he reviewed
appellant's criminal history on the court computer during trial. Second, appellant claims that his
trial attorney's failure to object to the judge's action deprived him of effective assistance of
counsel. Because we find no reversible error, we will affirm the judgment of the trial court.



BACKGROUND


 In January 1996, appellant pleaded guilty to the third degree felony of retaliation
on a public servant, enhanced by two prior felony convictions. The trial court judge granted
appellant a deferred adjudication, five years' probation, and a fine of $500. In June 1997,
appellant was arrested for public intoxication. The State filed a Motion to Revoke Deferred
Adjudication and to Proceed to Adjudicate Guilt, alleging five violations of probation. Appellant
entered a plea of not true, and a contested trial was held before the trial court. The court found
appellant guilty of four of the probation violations, and adjudged applicant guilty of retaliation
enhanced by two prior convictions. The adjudication of guilt with enhancements placed appellant
in the habitual offender punishment range, which was twenty-five to ninety-nine years in prison. 
Tex. Penal Code. Ann. § 12.42(d) (West Supp. 1999).

 During the hearing, the trial court took into consideration a presentence
investigation report ("PSI") prepared by appellant's probation officer. See Tex. Code Crim. Proc.
Ann. art. 37.07, § (3)(d), art. 42.12, § 9 (West Supp. 1999). After reviewing the PSI, the judge
announced that he was dissatisfied with its contents. Specifically, he noted that the PSI failed to
indicate why appellant was sent to a substance abuse program for felony offenders instead of
having his probation revoked. He asked the probation officer whether an explanation for the
referral to a substance abuse program would exist in appellant's criminal record. The probation
officer replied that he did not think it would. The judge countered, "You don't think so? I can
only go with the information that's furnished to me but I am going to come back to this." The
judge placed the probation officer on the stand and questioned him as to whether his file
documented any offense for which appellant would have been referred to the substance abuse
program. When the probation officer advised him that he could find no explanation in the file,
the judge ordered the bailiff to locate appellant's arrest record on the courtroom computer. The
bailiff found two arrests, one for public intoxication and one for criminal trespass, that were not
reflected in the PSI. Because a fine had been assessed, the judge concluded that the arrest for
criminal trespass had resulted in a conviction. The judge declared that nothing the bailiff's report
uncovered would be considered in sentencing, but proceeded to chastise the probation officer who
prepared the deficient PSI:


 From the arrests that [the bailiff] pulled up on the computer, the Court cannot
take any of that into consideration in making a decision because I don't have any
evidence on any of that. But I had this gut feeling that I had an inadequate P.S.I.
that doesn't fully inform me of the Defendant's criminal history, does not have
significant events in it that should exist.


 And if we have a Probation Officer, who is an Intensive Supervision Officer,
(who) receives a probation that the Court has in Court told the Defendant "any
violations of this probation and you are going to get revoked," because that's what
I tell them all to try to put the fear of God in them, and hasn't documented her file
to reflect two, three arrests, I would hope that person isn't supervising anything
more serious than a Class 'C' Misdemeanor, which of course can't in theory be
supervised because it's a fine only.


 The point of that comment, Mr. Robles, was for the benefit of the gentleman
in the back of the room who's in the Number 2 position of the department and can
maybe begin to see why I continue to have dissatisfaction with the way the
Probation Department is run and its handling of my cases.



 After hearing closing arguments from the prosecution and defense, the trial court
sentenced appellant to seventy-one years' imprisonment. In pronouncing sentence, the judge
recited many of the offenses detailed in the probation officer's written PSI, and noted that
appellant had a forty-two year history in the criminal justice system.


DISCUSSION


The Trial Court's Investigation of Appellant's Criminal History

 Appellant raises two issues on appeal. First, he claims that the trial court
committed reversible error by conducting its own investigation of appellant's criminal history. 
In doing so, appellant argues, the trial court denied him the right to due process of law by
depriving him of a fair and impartial forum for assessment of punishment. Appellant urges that
the trial judge's conduct constitutes reversible error under Rule 44.2(a) of the Texas Rules of
Appellate Procedure. (1)

 Rule 44.2(a) provides:


 Constitutional Error. If the appellate record in a criminal case reveals
constitutional error that is subject to harmless error review, the court of appeals
must reverse a judgment of conviction or punishment unless the court determines
beyond a reasonable doubt that the error did not contribute to the conviction or
punishment.



 First we must decide whether the trial judge's conduct constitutes error. 
Appellant's brief provides no clear support for this contention. Appellant argues that the trial
judge violated Article 37.07, section 3(a) of the Code of Criminal Procedure when he reviewed
appellant's criminal history on-line during the trial. Article 37.07, section 3(a) explains what
evidence is admissible in the sentencing phase; the statute apparently does not address the question
of whether the trial court may independently investigate and review criminal records. (2) Article
37.07 section 3(d) specifically authorizes a judge, in certain circumstances, to order and consider
a PSI before pronouncing sentence. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d) (West
Supp. 1999). Appellant claims, however, that in the instant case, the trial court did not comply
with the terms of the procedural rule governing PSIs. He charges that the judge "introduced"
evidence of extraneous offenses omitted from the PSI.

 We can find no provision of Article 42.12, section 9, governing PSI reports, that
authorizes the trial judge's personal investigation of appellant's criminal history during the course
of the trial. Article 42.12, section 9 provides that a judge shall direct a supervising officer to
prepare a written PSI. See Tex. Code Crim. Proc. Ann. art. 42.12, § 9 (West Supp. 1999). 
Indeed, the purpose of delegating this duty to the probation officer is to permit verification of the
offense reported, rather than relying on records that appear in a computer file. There is good
reason for interpreting this provision to mean that a judge should not take part in the preparation
or the supplementation of such a report. The Code of Judicial Conduct states that a judge should
avoid any appearance of bias or prejudice. See Tex. Code Jud. Conduct, Canon 3(5). By
ordering the bailiff to investigate appellant's criminal history, rather than simply accepting the PSI
prepared by the probation officer, the trial judge injected himself into the proceedings before him,
casting doubt on his impartiality and risking the appearance of bias against the defense. More
significantly, he opened himself up to the question of whether the extraneous offenses he
discovered were impermissibly considered when he sentenced appellant. Because the judge's
actions and comments were clearly improper, we do not sanction them as appropriate. Our
inquiry, however, is more narrowly focused on the question of whether the trial court committed
reversible error.

 We need not decide whether the court's conduct was erroneous because we hold that
the error, if any, was not harmful. Although appellant urges that we examine the presumed error
under Rule 44.2(a)'s standard of constitutional error, appellant waived this argument by failing
to provide any authority in his brief for his conclusory statement that the judge's action constitutes
a due process violation. See Tex. R. App. P. 38.1 (h). Therefore, we will not address the harm
issue under the constitutional error standard. 

 Nonconstitutional error is analyzed under Rule 44.2(b), which provides that "[a]ny
other error, defect, irregularity, or variance that does not affect substantial rights must be
disregarded." Tex. R. App. P. 44.2(b). "A substantial right is affected when the error had a
substantial and injurious effect or influence in determining the . . . verdict." King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997). Here, the alleged error is the trial court's investigation
into the extraneous offenses that were not presented in the PSI. Because these offenses were not
proved beyond a reasonable doubt, appellant argues, they were not admissible in the sentencing
phase. See Mitchell v. State, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996) ("When evidence of
extraneous offenses has been offered . . . the law requires that it be proved beyond a reasonable
doubt that the defendant committed the said extraneous offenses."). The question is whether the
court's discovery of the inadmissible extraneous offenses contributed to its decision. See George
v. State, 959 S.W.2d 378, 383 (Tex. App.--Beaumont 1998, pet. ref'd).

 There is no longer a presumption that the trial court ignored inadmissible evidence
in its deliberations. See Gipson v. State, 844 S.W.2d 738, 741 (Tex. Crim. App. 1992). In his
brief, appellant poses the rhetorical question: what purpose could the court have had in
independently investigating appellant's criminal history? The purpose, as revealed unequivocally
by the record, was to remonstrate a member of the probation office who the trial judge apparently
believed was lax in preparing presentence reports. (3) While we do not condone the judge's use of
appellant's sentencing trial as a forum for scolding the probation department, we are unable to
conclude that his action rises to the level of reversible error.

 As appellant concedes, the trial judge announced, "the Court cannot take any of that
into consideration in making a decision because I don't have any evidence on any of that." In
addition, his pronouncement of sentence leaves little question that the sentence was based upon
appellant's documented forty-two year history of criminal conduct, and not upon the two
unsubstantiated offenses revealed by the in-court computer records. In view of appellant's
extensive criminal history and the court's proclamation that he would disregard any extraneous
offenses not contained in the PSI, we are convinced that the two extraneous arrests did not affect
appellant's sentence. "If, when all is said and done, the conviction is sure that the error did not
influence the [trier of fact], or had but very slight effect, the verdict and the judgment should
stand." George, 959 S.W.2d at 383 (quoting Kotteakos v. United States, 328 U.S. 750, 764-65
(1946)). Because we find that the trial judge's unusual inquiry had no influence on appellant's
sentence, we overrule appellant's first issue on appeal.


Ineffective Assistance of Counsel

 In his second issue, appellant claims that he was denied effective assistance of
counsel. The test for ineffective assistance of counsel at the punishment phase differs from the
test applied at the guilt-innocence phase. (4) "The test for effectiveness of counsel in the punishment
phase of a non-capital offense is, first, whether counsel was reasonably likely to render effective
assistance, and second, whether counsel reasonably rendered effective assistance." Craig v. State,
825 S.W.2d 128, 130 (Tex. Crim. App. 1992) (citing Ex parte Duffy, 607 S.W.2d 507 (Tex.
Crim. App. 1980)). Trial counsel's performance must be examined in the context of the totality
of the representation. See Ex parte Walker, 777 S.W.2d 427, 431 (Tex. Crim. App. 1989); Rodd
v. State, 886 S.W.2d 381, 384 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd). "Generally
speaking, isolated instances in the record that reflect errors of commission or omission do not
cause counsel to become ineffective." Rodd, 886 S.W.2d at 384. Appellant must also show that
the alleged ineffective assistance resulted in harm. See id.

 Appellant points to his trial attorney's failure to object to the trial court's
impromptu investigation into appellant's criminal record and his failure to request permission to
examine the information pulled up on the court computer as evidence of deficient performance. 
It is true that counsel ordinarily has a duty to object to harmful inadmissible evidence. See
Thomas v. State, 923 S.W.2d 611, 613 (Tex. App.--Houston [1st Dist.] 1995, no pet.). 
However, from statements made by the trial judge, it would have been reasonably apparent to
appellant's counsel that the trial court would not consider the inadmissible evidence in its
sentencing decision. In light of our decision that the trial judge's conduct had no influence on the
sentence, appellant cannot show that his attorney's failure to complain of that conduct harmed him.

 Moreover, as appellant concedes, the record demonstrates that appellant's trial
counsel vigorously cross-examined the State's witnesses, successfully attacked an enhancement
listed in the indictment, and introduced evidence to mitigate appellant's poor performance
evaluations from a substance abuse facility. We conclude from our examination of the record that
appellant's trial counsel was not ineffective, and that appellant was not harmed. We therefore
overrule appellant's second issue.


CONCLUSION


 Having found that the trial court did not commit reversible error and that appellant
was not denied effective assistance of counsel at his punishment hearing, we affirm the judgment
of the trial court.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: February 19, 1999

Do Not Publish
1. Appellant also asserts that the trial judge's inquiry constitutes error under Rule 44.4(a)(2)
of the Texas Rules of Appellate Procedure. However, Rule 44.4(a)(2) applies to remediable error
of the trial court, and thus is not applicable to this case.
2. In relevant part, Article 37.07, section 3(a) provides:


 [E]vidence may be offered by the state and the defendant as to any matter the court
deems relevant to sentencing, including but not limited to the prior criminal record
of the defendant, his general reputation, his character, an opinion regarding his
character, the circumstances of the offense for which he is being tried, and,
notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other
evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt
by evidence to have been committed by the defendant or for which he could be held
criminally responsible, regardless of whether he has previously been charged with
or finally convicted of the crime or act. 


Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1999).
3. In addition, it appears that the judge intended to scold a supervisor from the probation
department who was apparently in the courtroom.
4. In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court
articulated the standard for evaluating ineffective assistance of counsel claims in the guilt-innocence phase. Under this test, an appellant must show that counsel was deficient as compared
with reasonably prudent counsel, and that counsel's deficient performance harmed him. See id.
at 700. The Supreme Court's opinion in Strickland reserved the question of whether the standard
would apply to ineffectiveness claims brought with respect to the punishment phase. See id. at
686. In Ex parte Cruz, 729 S.W.2d 53 (Tex. Crim. App. 1987), the Court of Criminal Appeals
ruled that the Strickland standard was not applicable to sentencing proceedings, and held that the
correct test was reasonably effective assistance of counsel, defined as counsel "reasonably likely
to render reasonably effective assistance." Id. at 57-58.



tion into appellant's criminal record and his failure to request permission to
examine the information pulled up on the court computer as evidence of deficient performance. 
It is true that counsel ordinarily has a duty to object to harmful inadmissible evidence. See
Thomas v. State, 923 S.W.2d 611, 613 (Tex. App.--Houston [1st Dist.] 1995, no pet.). 
However, from statements made by the trial judge, it would have been reasonably apparent to
appellant's counsel that the trial court would not consider the inadmissible evidence in its
sentencing decision. In light of our decision that the trial judge's conduct had no influence on the
sentence, appellant cannot show that his attorney's failure to complain of that conduct harmed him.

 Moreover, as appellant concedes, the record demonstrates that appellant's trial
counsel vigorously cross-examined the State's witnesses, successfully attacked an enhancement
listed in the indictment, and introduced evidence to mitigate appellant's poor performance
evaluations from a substance abuse facility. We conclude from our examination of the record that
appellant's trial counsel was not ineffective, and that appellant was not harmed. We therefore
overrule appellant's second issue.


CONCLUSION


 Having found that the trial court did not commit reversible error and that appellant
was not denied effective assistance of counsel at his punishment hearing, we affirm the judgment
of the trial court.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: February 19, 1999

Do Not Publish
1. Appellant also asserts that the trial judge's inquiry constitutes error under Rule 44.4(a)(2)
of the Texas Rules of Appellate Procedure. However, Rule 44.4(