Opinion issued October 23, 2003















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00831-CR




 CRYSTAL LOUISE WALKER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
 Harris County, Texas
Trial Court Cause No. 905337




MEMORANDUM OPINION

          Appellant, Crystal Louise Walker, pleaded guilty, without an agreed
recommendation as to punishment, to aggravated robbery. The trial court assessed
punishment at 10 years in prison. In two points of error, we determine (1) whether
appellant was denied effective assistance of counsel during the punishment hearing 
and (2) whether appellant was denied effective assistance of counsel because of the
cumulative effect of her trial counsel’s errors in violation of her rights under the Sixth
and Fourteenth Amendments of the United States Constitution and under Article I,
Section 10 of the Texas Constitution. U.S. Const. amends. VI, XIV; Tex. Const.
art. I, § 10. We affirm.
Facts
          The parties agreed that appellant’s punishment would be assessed by the trial
court after a pre-sentence investigation (PSI) report was prepared. During the
punishment hearing, appellant’s attorney did not call any witnesses to testify on
appellant’s behalf. After her punishment was assessed, appellant filed a motion to
reconsider the sentence and a written notice of appeal. Appellant then filed a motion
for new trial, which the trial court denied.State Constitutional Claims
          In both points of error, appellant asserts that her attorney provided ineffective
assistance of counsel under Article I, Section 10 of the Texas Constitution. However,
she does not brief her ineffective-assistance challenges separately for the state
constitution and federal constitution. To have briefed her challenges grounded on the
state constitution sufficiently, appellant should have provided separate supporting
arguments for her state constitutional claims or should have argued that the state
constitution offers her more protection than does the federal constitution. See Brown
v. State, 943 S.W.2d 35, 36 n.3 (Tex. Crim. App. 1997); Garcia v. State, 919 S.W.2d
370, 388-89 (Tex. Crim. App. 1996). Appellant did not do so. Therefore, appellant
waived her challenges under the state constitution. We overrule appellant’s first and
second points of error to the extent that they are urged under the state constitution. 
See Brown, 943 S.W.2d at 36 n.3.
Ineffective Assistance of Counsel
          In her first point of error, appellant contends that she was denied effective
assistance of counsel under the federal constitution during the punishment phase of
trial. See U.S. Const. amends. VI, XIV. In her second point of error, appellant
contends that she was denied effective assistance of counsel under the federal
constitution because of the cumulative effect of her trial counsel’s errors. Appellant
relies on the same argument for both points of error; thus, we address them together.
          To establish ineffective assistance of counsel, appellant must show that (1)
counsel’s performance was so deficient that he or she was not functioning as
acceptable counsel under the Sixth Amendment, and (2) but for counsel’s error, the
result of the proceeding would have been different. See Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Gamble v. State, 916 S.W.2d 92,
93 (Tex. App.—Houston [1st Dist.] 1996, no writ). A defendant is not entitled to
errorless counsel. See Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App.
1991). This standard applies at the punishment stage of non-capital trials. See
Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). 
          Assertions of ineffective assistance of counsel must be firmly founded in the 
record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). Appellant “must
overcome the presumption that, under the circumstances, the challenged action might
be considered sound trial strategy.” Gamble, 916 S.W.2d at 93. In the absence of
contrary evidence in the record, we must generally presume that appellant’s trial
counsel had a plausible reason for his or her actions. Thompson v. State, 9 S.W.3d
808, 814 (Tex. Crim. App. 1999). In determining whether counsel was ineffective,
we view the totality of the circumstances of the particular case. Id. at 813.
          The only evidence that appellant submitted with her motion for new trial was
her own affidavit, complaining of various acts of ineffective assistance allegedly
made by her trial counsel. Appellant specifically alleged that her counsel was
deficient because, during the punishment phase of trial, he did not (1) call any
witnesses to testify or (2) call appellant to testify, even though appellant wished to
testify. 
          Appellant asserts that her counsel did not call any of 16 family members, who
would have testified that she was a “strong candidate for probation.” In addition,
appellant asserts that her bondsperson would have testified that she would have
employed appellant if appellant were on probation. Appellant argues that she was
harmed because “the background of her life, the need to care for her three children,
and the love of her support group was not before the Court before sentencing.” 
However, the trial court was fully aware of appellant’s background and family
situation because it was included in the pre-sentence report. An attorney’s decision
whether to call witnesses is generally considered a matter of trial strategy. Rodd v.
State, 886 S.W.2d 381, 384 (Tex. App.—Houston [1st Dist.] 1994, writ ref’d). 
Appellant has not provided any evidence that explains trial counsel’s reasons for not
calling any of her witnesses. Even if appellant had shown that she had available
witnesses whose testimony would have been beneficial, she must still overcome the
presumption that her counsel’s actions were based on sound trial strategy. Because
appellant did not offer any evidence of the reasons for her counsel’s actions, we must
generally presume that counsel’s actions fell within “the wide range of reasonable
professional assistance.” Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Gamble,
916 S.W.2d at 93.
           Appellant next claims that her counsel was ineffective because he failed to call
appellant to testify during the punishment phase of trial, even though she wished to
testify.


 The record is otherwise silent about whether appellant told counsel that she
wished to testify and about the reasons that appellant’s trial counsel did not call her
to testify. Additionally, the record shows that the trial court gave appellant the
opportunity to speak on her own behalf after finding her guilty of the offense:
          Trial Court:            Is there anything you want to say before I sentence
you?
 
Appellant:Yes. I can’t stand here and say that the crime that I
committed was wrong—was right, because you
know it was wrong. I’m here to stand up for my
responsibilities and show you that since this has
happened, you know, I’ve been clean, I haven’t did
[sic] anything. I work. I do have a job. My boss
lady is willing to help me get a job with her, but as
of today, I do work. I do have a normal job at a
grocery store. 

Because we are not provided with any contrary evidence, we must presume that
counsel’s actions were reasonable. On this record, we will not speculate about the
reasons that appellant’s counsel did not call her to testify. See Gamble, 916 S.W.2d
at 93. 
          Appellant has failed to show that her trial counsel’s representation was
unacceptably deficient. Therefore, appellant has not shown that individual or
cumulative error deprived her of her constitutional rights.
          We overrule appellant’s first and second points of error.Conclusion
          We affirm the judgment of the trial court.




                                                             Tim Taft
                                                             Justice

Panel consists of Justices Taft, Jennings, and Hanks. 

Do not publish. See Tex. R. App. P. 47.2(b).