Opinion issued April 29, 2004








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01168-CR




LORIE BROOKS GASTON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 873990




OPINION ON EN BANC CONSIDERATION
          A jury found appellant, Lorie Brooks Gaston, guilty of possession of cocaine
weighing more than one gram and less than four grams.


 The jury found true the
enhancement paragraph alleging a prior conviction for possession of cocaine and
assessed appellant’s punishment at 15 years in prison. We address whether
appellant’s trial counsel was ineffective because there was an actual conflict of
interest stemming from his dual representation of appellant and her co-defendant and
whether trial counsel rendered ineffective assistance of counsel by failing to
sufficiently investigate in preparation for, and by offering no mitigating evidence
during, the punishment phase. We affirm.Facts
          In April 2001, three Pasadena Police Officers, including Christopher S. Sadler
and Stephen S. Skripka, responded to a “loud noise” complaint at an apartment
complex in a high-crime area. The officers found marijuana on a suspicious person
in the parking lot and learned from a woman with the suspicious person that the
marijuana might have been obtained from one of the apartments in the complex. The
woman pointed in the general direction of apartments 113 and 115. Officer Sadler
had approached apartment 115 and was knocking on the door when appellant’s son
opened the door to appellant’s apartment, number 113. Officer Sadler turned around
and saw appellant sitting in an easy chair. The officer said, “Hello, Lorie,” and
appellant stood up. Appellant’s co-defendant, Adrian Ashley Wheatfall, lunged for
a black plate that appeared to Officer Sadler to have crack cocaine on it. Officer
Sadler entered the apartment and told both of the occupants to sit down. Officer
Sadler secured the plate of cocaine and then obtained consent from appellant to
search her apartment. During that search, he found numerous pills in appellant’s
bedroom and purse; none was in a proper prescription container, although a variety
of pills in her purse were in a prescription container whose label had been scratched
off. Appellant was indicted for the felony offense of possession of one to four grams
of cocaine with the intent to deliver, and Wheatfall was indicted for possession of the
same cocaine. Appellant was also charged with the misdemeanor offense of
possession of some of the pills. Some of the pills were over-the-counter drugs, but
others required prescriptions. Although appellant had a prescription for some
hydrocodone pills, she had different types of hydrocodone pills than those for which
she had prescriptions.
Ineffective Assistance Based on an Actual Conflict of Interest
          In her first point of error, appellant contends that her trial counsel rendered
ineffective assistance of counsel because of an actual conflict of interest stemming
from his dual representation of Wheatfall and appellant, which representation
adversely affected trial counsel’s performance. Relying on testimony presented at her
motion-for-new-trial hearing, appellant argues that trial counsel presented a joint
defense despite appellant’s having told trial counsel that the cocaine belonged only
to Wheatfall and that appellant was trying to remove herself and her children from an
environment in which Wheatfall was selling narcotics out of the apartment. 
Appellant also argues that trial counsel at punishment asked for the same sentence for
both co-defendants, despite the availability of witnesses who would have testified that
appellant’s role was minor compared to that of Wheatfall.
          A criminal defendant has a constitutional right to effective assistance of
counsel. Monreal v. State, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). Ineffective
assistance of counsel may result when an attorney labors under a conflict of interest. 
Id. A defendant can demonstrate a violation of his right to reasonably effective
assistance of counsel if he can show (1) that his counsel was burdened by an actual
conflict of interest and (2) that the conflict had an adverse effect on specific instances
of counsel’s performance. Id.
          An actual conflict exists if counsel is required to make a choice between
advancing his client’s interest in a fair trial or advancing other interests to the
detriment of his client’s interest. Id.; James v. State, 763 S.W.2d 776, 778-79 (Tex.
Crim. App. 1989). An appellant must identify specific instances in the record that
reflect a choice that counsel made between possible alternative courses of action,
such as “eliciting (or failing to elicit) evidence helpful to one client but harmful to the
other.” Ramirez v. State, 13 S.W.3d 482, 488 (Tex. App.—Corpus Christi 2000, pet.
dism’d). To prove adverse effect, a defendant does not have to show that the conflict
of interest changed the outcome of the trial. Id. at 487. He need demonstrate only
that some plausible defense strategy or tactic might have been pursued, but was not,
because of the conflict of interest. Id. Once the existence of an actual conflict has
been established, prejudice to the appellant must be presumed. Id.
A.      Facts Regarding Actual Conflict of Interest
          Prior to trial, trial counsel had approached the trial court regarding the issue of
potential conflict of interest between appellant and co-defendant Wheatfall.
Thereafter, the trial court briefly broached the subject to confirm the impression that
there was no conflict created as a result of the prior conference with trial counsel. 
The trial court inquired of both appellant and Wheatfall whether there was a conflict
and whether they were comfortable with proceeding with one attorney representing
them both. Both stated that they were comfortable. The trial court specifically asked
if trial counsel was going to have to sacrifice the defense of one in order to defend the
other, and both defendants answered, “No, ma’am.”
          Trial counsel proceeded to present a joint defense, primarily attacking the
recovery of the cocaine evidence crucial to the prosecution of both defendants by
moving to suppress the evidence based on an unlawful seizure. Trial counsel moved
immediately after the State had called its first witness to hold a hearing on appellant’s
motion to suppress evidence. After the hearing, the trial court denied the motion. 
After the State had rested its case, trial counsel recalled one of the State’s witnesses
and presented appellant’s son as a witness, in order to seize on some inconsistencies
in the officers’ testimony. Trial counsel then reasserted appellant’s motion to
suppress based on the further evidence developed, and the trial court again denied the
motion to suppress.
          Trial counsel’s actions throughout trial were consistent with reliance upon this
joint theory of defense. For example, during voir dire, trial counsel questioned the
venire panel concerning not giving police officers more credibility simply because
they are police officers and explained that police officers can make mistakes that
cause defendants to be let out of prison. Trial counsel’s argument emphasized all of
the inconsistencies of the police testimony and inadequacies of the police
investigation in arguing that the jury should find the seizure unlawful and not
consider the evidence of cocaine in this case. At the end of the guilt/innocence phase,
trial counsel moved for an instructed verdict as to appellant’s alleged offense of
possession with intent to deliver the cocaine. The trial court granted the motion, so
that appellant was subject to conviction only for the lesser offense of possession of
cocaine, the same offense with which Wheatfall was charged. 
          At the punishment phase, trial counsel entered pleas of not true to the
enhancement allegations on behalf of both defendants. The State had alleged that
appellant had one prior conviction and that Wheatfall had two prior convictions. 
Thus, a finding of true would enhance appellant’s punishment range from two to 10
years up to two to 20 years; findings of true on both enhancement paragraphs would
enhance Wheatfall’s punishment range from two to 10 years up to 25 years to 99
years or life, while a finding of true on only one of Wheatfall’s enhancement
paragraphs would raise his range of punishment to two to 20 years.
          The State introduced a fingerprint examiner to prove that the pen packets were
those of appellant and Wheatfall. The State then introduced the pen packets, which
showed (1) appellant’s initial deferred adjudication for possession of a controlled
substance, which was adjudicated on the basis of a second offense of possession of
controlled substance, resulting in concurrent sentences of three years in prison and
(2) Wheatfall’s three prior felony convictions for possession of a controlled
substance, for which he was sentenced to two years in prison, delivery of a simulated
controlled sentence, for which he was sentenced to five years in prison, and delivery
of a controlled substance, for which he was sentenced to 25 years in prison, as well
as a prior misdemeanor conviction for failure to identify himself to a peace officer.
          During punishment arguments, trial counsel argued for the jury not to give a
large sentence to either defendant based on the small amount of cocaine and the
absence of aggravating circumstances, such as violence, guns, cooking pots, or
evidence that drugs were being sold, like the presence of scales. Trial counsel urged
the jury to assess both defendants the same minimal sentence of two to five years in
prison by placing their verdicts in a particular location on the two verdict forms. For
appellant, trial counsel pointed the jury to the first page of the verdict form, which
indicated that the jury found the enhancement paragraph true, but still allowed the
jury to assess from two to five years. For Wheatfall, trial counsel pointed to the last
page of the verdict form, where the jury could find at least one enhancement
paragraph not true, which was necessary in order for the jury to assess from two to
five years. If the jury had followed trial counsel’s suggestion, both defendants could
have been sentenced as second offenders within the same penalty range of two to 20
years in prison. 
          Therefore, even at the punishment stage, trial counsel presented a joint defense. 
However, the State argued that the prior convictions had been proved without
contradiction, and the jury found the enhancement paragraphs true for both
defendants and assessed punishments of 15 years for appellant and 40 years for
Wheatfall.
B.      Whether an Actual Conflict Existed           
          An actual conflict of interest exists when one defendant stands to gain
significantly by counsel’s adducing probative evidence or advancing plausible
arguments that are damaging to the cause of a co-defendant whom counsel is also
representing. See Routier v. State, 112 S.W.3d 554, 584 (Tex. Crim. App. 2003). 
Appellant’s sole argument is that trial counsel was hamstrung by his joint
representation of appellant and Wheatfall, thereby precluding trial counsel from
demonstrating appellant’s lesser role or even mere presence. Appellant’s argument
is based solely on evidence presented at her motion-for-new-trial hearing, which, as
the State points out, the trial court was not obliged to believe, even though the
evidence was uncontroverted. See Messer v. State, 757 S.W.2d 820, 828 (Tex.
App.—Houston [1st Dist.] 1988, pet. ref’d).
          The evidence introduced at trial equally supported the guilt of both defendants. 
Wheatfall lunged for the cocaine, but it was in plain view in the apartment of
appellant, who was also located close to the cocaine and who was charged with a
separate misdemeanor offense for possessing pills. The record demonstrates trial
counsel’s provision of a joint defense to both appellant and co-defendant Wheatfall. 
Trial counsel rested his strategy on attempting to suppress the evidence of the crack
cocaine found in appellant’s apartment. This constituted a joint defense, which, if
successful, would have resulted in the acquittal of both co-defendants. We do not
know the extent to which this defense might ultimately have succeeded because
appellate counsel has abandoned it on appeal, in favor of attacking trial counsel’s
effectiveness. Nevertheless, trial counsel was consistent throughout the trial, from
jury selection through the punishment stage, in pressing a joint defense and then
seeking the same, minimal punishment for both co-defendants.
          Like appellant’s arguments, the dissenting opinion’s arguments are based on
the truth of appellant’s testimony, at the motion-for-new-trial hearing, that it was
Wheatfall’s cocaine and that appellant was merely present. The State accurately notes
that appellant did not present trial counsel at her motion-for-new-trial hearing to
afford him the opportunity to defend against allegations of ineffectiveness or actual
conflict. Cf. Pina v. State, 127 S.W.3d 68, 73 (Tex. App.—Houston [1st Dist.] 2003,
no pet.) (showing that, in a case involving dual representation, Pina’s trial counsel
testified at motion-for-new-trial hearing that the decision questioned by counsel on
appeal was made for purely tactical reasons and pursuant to the co-defendants’
understanding and agreement). As the State opines, trial counsel may have advised
appellant and Wheatfall about the potential conflict of interest and they may have
waived it, choosing instead to present a joint defense. Or, as the State avers, it is
possible that appellant told trial counsel that the cocaine either belonged to her alone
or to both her and Wheatfall.
          Based on the record at trial, the strongest argument supporting the existence of
an actual conflict was trial counsel’s request that the jury give equal sentences to
appellant and Wheatfall, when Wheatfall faced a far greater range of punishment than
appellant. The dissenting opinion concludes that this equalization argument
handicapped appellant. However, trial counsel was not advancing plausible
arguments that helped Wheatfall at the expense of appellant. Rather, he was
advancing arguments helpful to both co-defendants. To understand this requires an
appreciation of the situation that trial counsel faced. 
          When the State had proved all enhancement allegations conclusively, trial
counsel faced a situation in which the jury was bound to find the enhancement
paragraphs true, unless it disregarded its oath to render a true verdict according to the
law and the evidence. Under these conditions, it was reasonable trial strategy for trial
counsel to ask the jury to overlook only one of Wheatfall’s prior convictions, the
disregard of which was necessary for the jury to be able to assess him two to five
years, while not asking the jury also to overlook appellant’s prior conviction, the
disregard of which was not necessary for the jury to assess her two to five years. 
Although the strategy failed, the reason for its failure was not trial counsel’s
refraining from asking the jury to disregard its duty a second time in order to find
appellant’s enhancement allegation not true.
          Trial counsel’s strategy was to seek equal, minimal sentences of two to five
years, based on the small amount of cocaine and the lack of aggravating
circumstances surrounding the possession. Trial counsel was making the argument
with the best possible chance of success in asking the jury to assess minimal
punishments based on the lack of aggravating circumstances surrounding the present
offense. One may disagree with that strategy, but there is no conflict of interest in the
strategy at all.
          The dissenting opinion would hold that the trial court knew or should have
known of an actual conflict of interest and that the court should thus have conducted
a formal hearing to determine whether appellant had waived her right to conflict-free
counsel. At trial, however, the trial court had not yet been alerted to the claims made
by appellant in the hearing on her motion for new trial. Appellant and the dissenting
opinion view the trial through the lens of appellant’s purported lesser role based on
the evidence that she presented at the motion-for-new-trial hearing, which evidence
the trial court apparently did not believe because it denied the motion. The trial
court’s decision whether to hold a formal hearing regarding an actual conflict of
interest was based on what the trial court had observed during a trial in which trial
counsel had presented a unified defense in the guilt/innocence phase and had asked
for identical minimal punishments, not on the matters presented at the motion-for-new-trial hearing. 
          Under these circumstances, we hold that appellant has not established an actual
conflict of interest and, thus, that the trial court had no duty to inquire further into any
potential conflict. Accordingly, we overrule appellant’s first point of error.
Ineffective Assistance at the Punishment Stage
          In her second point of error, appellant contends that trial counsel rendered
ineffective assistance of counsel at the punishment stage of trial by failing to
investigate or to put on any type of punishment evidence on appellant’s behalf. 
Based again on the testimony presented at her motion-for-new-trial hearing, appellant
argues that there were witnesses available and willing to testify on appellant’s behalf
at the punishment stage. Appellant contends that, had those persons testified, a lower
sentence probably would have resulted.
          To establish ineffective assistance of counsel, an appellant must show that (1)
trial counsel’s representation was so deficient that it fell below the objective standard
of professional norms and (2) but for counsel’s error, there is a reasonable probability
that the result of the proceedings would have been different. Strickland v.
Washington, 466 U.S. 668, 687-96, 104 S. Ct. 2052, 2064-69 (1984). Appellant has
the burden to prove ineffective assistance of counsel and to rebut the presumption that
counsel was acting according to sound trial strategy. Id. at 466 U.S. 689, 104 S. Ct.
2065.
          Apart from the testimony that appellant presented at the motion-for-new-trial
hearing, there is no record support for appellant’s arguments that trial counsel failed
to investigate or to present available evidence on behalf of appellant. A trial court is
under no obligation to accept as true even unrebutted testimony offered at a hearing
on a motion for new trial. See Messer, 757 S.W.2d at 828. Moreover, as the State
points out, even in the testimony presented at the motion-for-new-trial hearing, there
was evidence that trial counsel had spoken to two of appellant’s potential witnesses. 
Trial counsel also called appellant’s son to testify at trial to cast doubt on the officers’
version of the events.
          Nevertheless, the decision whether to present witnesses is largely a matter of
trial strategy. See Rodd v. State, 886 S.W.2d 381, 384 (Tex. App.—Houston [1st
Dist.] 1994, pet. ref’d). Here, the record shows that trial counsel pursued a joint
strategy of suppressing the evidence necessary to convict both co-defendants, and
asked the jury to find at least one of Wheatfall’s enhancement allegations not true, so
that the jury could give both co-defendants a minimal sentence of two to five years. 
Although others may disagree with trial counsel’s strategy, his actions at trial were
consistent with that strategy. Furthermore, there is no showing that, had trial counsel
pursued a different strategy at the punishment stage, it would likely have resulted in
a more favorable punishment for appellant.
          Accordingly, we overrule appellant’s second point of error.
 
 
 
 
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court. 
 
 
                                                             Tim Taft
                                                             Justice

The original panel consisted of Justices Taft, Keyes, and Higley.

En banc consideration was requested. See Tex. R. App. P. 41.2(c).

A majority of the justices of the Court voted for en banc consideration. See id.

The en banc Court consists of Chief Justice Radack and Justices Taft, Nuchia,
Jennings, Keyes, Alcala, Hanks, Higley, and Bland. See Tex. R. App. P. 41.2(a).

Chief Justice Radack and Justices Nuchia, Jennings, Alcala, Hanks, and Bland join
Justice Taft’s opinion for the en banc Court.

Justice Higley, concurring. Justices Alcala and Bland join Part II of Justice Higley’s
concurring opinion.

Justice Keyes, dissenting.

Publish. See Tex. R. App. P. 47.2(b).