Opinion issued October 13, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00981-CR

———————————

OLIVIA RENA FORD, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 208th Judicial District Court 

Harris County, Texas



Trial Court Case No. 1221810

 



 

MEMORANDUM OPINION

          Appellant,
Olivia Rena Ford, without an agreed punishment recommendation from the State,
but with an agreed punishment cap of confinement for thirty-five years, pleaded
guilty to the offense of aggravated kidnapping,[1] and the trial court
assessed her punishment at confinement for thirty-five years.  In her sole issue, appellant contends that her
trial counsel provided her with ineffective assistance of counsel at the
punishment phase of her trial.

          We
affirm.

Background

            A Harris County grand jury issued a true bill
of indictment, accusing appellant of committing the offense of aggravated
kidnapping by unlawfully and knowingly abducting the complainant, Alex
Mitchell, Jr., with the intent to facilitate flight after robbery.  Appellant and her trial counsel signed her
plea of guilty and accompanying admonishments, with an agreed punishment cap of
confinement for thirty-five years, and the trial court reset the matter for a
pre-sentence investigation (“PSI”) hearing. 


The PSI report indicated that appellant,
a high school student at the time of the offense, was already acquainted with
the complainant.  Appellant had arranged
for the complainant to meet with her friend, Deaundre Randall, for the purpose
of robbing the complainant.  Appellant had
the complainant pick up Randall in his car, and the complainant drove appellant
and Randall to a vacant house under the pretense of helping Randall move items
out of the house.  Appellant stayed in
the complainant’s car while Randall and the complainant entered the house,
where Randall and several others robbed and severely beat the complainant.  They then forced the complainant to exit the
house and crawl into the trunk of his car. 
Randall dropped appellant off at her cousin’s house and later burned the
car with the complainant still in the trunk, in which he died.  Telephone records demonstrated that after
being dropped off, appellant was in “almost constant contact” with Randall
through the complainant’s cellular telephone and Randall’s home telephone.

          At
the PSI hearing, Lisa Andrews, a former Harris County assistant district
attorney, testified that she interviewed appellant at her school as a “person
of interest” in the murder of the complainant. 
During the interview, appellant admitted that she knew that Randall had
planned to rob the complainant.  Appellant
appeared “very hostile” to Andrews and “unsympathetic” regarding the death of
the complainant.  At one point, appellant
stated that the complainant “should have known it was all a setup.”  Andrews also stated that appellant continued
to communicate with Randall after his incarceration through mail and she did
not “express any fear” towards Randall. 
On cross-examination, appellant’s trial counsel challenged the
voluntariness of the interview, suggested that appellant was “intimidated” by
the investigators, and asserted that appellant’s immaturity at the time of the
offense may have contributed to her demeanor. 
Trial counsel also asserted that Randall had manipulated appellant into
“luring” the complainant to the vacant house and she was too frightened to
object to the plans.  In closing
argument, trial counsel stated that appellant felt “regret” for her actions and
“accept[ed] responsibility” for her role in the complainant’s death.  After an apologetic statement by appellant,
the trial court assessed her punishment at confinement for thirty-five years.

Standard of Review

The standard of review for
evaluating claims of ineffective
assistance of counsel is set forth in Strickland
v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984).  Strickland
generally requires a two-step analysis in which an appellant must show that (1)
counsel’s performance fell below an objective standard of reasonableness, and
(2) but for counsel’s unprofessional error, there is a reasonable probability
that the result of the proceedings would have been different.  Id. at 687–94, 104 S. Ct. at 2064–68; Thompson
v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).  A reasonable
probability is a “probability sufficient to undermine confidence in the
outcome.”  Strickland, 466 U.S. at 694, 104 S. Ct. at
2068.  In reviewing counsel’s
performance, we look to the totality of the representation to determine the
effectiveness of counsel, indulging a strong presumption that his performance
falls within the wide range of reasonable professional assistance or trial
strategy.  Robertson v. State, 187 S.W.3d 475, 482–83 (Tex. Crim. App.
2006); Thompson, 9
S.W.3d at 813.

A failure
to make a showing under either prong defeats an ineffective-assistance claim.  Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App.
2003). Moreover, allegations of ineffectiveness must be firmly founded in the
record.   Thompson, 9 S.W.3d at 814; Bone v. State, 77 S.W.3d 828, 833 & n.13 (Tex. Crim. App. 2002).  In the absence of evidence of counsel’s
reasons for the challenged conduct, an appellate court commonly will assume a
strategic motivation if any can possibly be imagined and will not conclude that
the challenged conduct constituted deficient performance unless the conduct was
so outrageous that no competent attorney would have engaged in it.  Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).  

Ineffective Assistance of Counsel

          In her
sole issue, appellant argues that her trial counsel rendered ineffective
assistance of counsel at the punishment phase of trial because counsel “presented
only limited mitigation evidence” during the PSI hearing.  Appellant asserts that trial counsel did not
offer “a single scrap of mitigation evidence” during the hearing, he should
have introduced testimony from “an expert, family member or the [a]ppellant
herself,” and such evidence “would have at least given the [c]ourt reason” to
impose a sentence less than the maximum stated in the plea agreement.

          Here,
appellant did not file a motion for new trial, and there is nothing in the
record to indicate why trial counsel did not call any witnesses at the PSI
hearing.    Although appellant asserts that trial counsel
could have called an expert or a family member to testify on her behalf, there
is no showing in the record that such witnesses were available or willing to
testify.  Moreover, there is nothing in
the record demonstrating that appellant would have benefitted from their
testimony or her own testimony, which would have been subject to
cross-examination.   Furthermore, there
is no showing in the record that trial counsel failed to adequately investigate
potential witnesses to testify at the PSI hearing.  As a result, we cannot conclude that trial
counsel’s not procuring such witness testimony constituted a performance that
fell below an objective standard of reasonableness.  See,
e.g., Ex parte White, 160 S.W.3d
46, 52 (Tex. Crim. App. 2004) (“To obtain relief on an ineffective assistance
of counsel claim based on an uncalled witness, the applicant must show that
[the witness] had been available to testify and that his testimony would have
been of some benefit to the defense.”) (citing King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)).  

Appellant’s counsel on appeal acknowledges
that there is no evidentiary record, but he asserts that “there can be no
explanation” for trial counsel’s alleged failure to put on mitigation
evidence.  However, the decision to
present witnesses is largely a matter of trial strategy.  Shanklin
v. State, 190 S.W.3d 154, 164 (Tex. App.—Houston [1st Dist.] 2005, pet. dism’d) (citing Rodd v. State, 886 S.W.2d 381, 384 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d)).  “[A]n attorney’s decision not to present
particular witnesses at the punishment stage may be a strategically sound
decision if the attorney bases it on a determination that the testimony of the
witnesses may be harmful, rather than helpful, to the defendant.”   Id. 
In the absence of evidence in the record of trial counsel’s reasoning,
we cannot presume that his not presenting any witnesses “was so outrageous that
no competent attorney would have” done the same.  See
Garcia, 57 S.W.3d at 440.  

          Although
trial counsel did not call any witnesses, he did attempt to present mitigation
evidence in cross-examination, and he argued for leniency in his closing
argument.  At the PSI hearing, the State
primarily argued that appellant’s demeanor in her interview with Andrews and in
court demonstrated a lack of remorse.  On
cross-examination of Andrews, trial counsel attempted to elicit that the
setting of the interview, the parties conducting the interview, and the
immaturity of appellant may have contributed to her demeanor rather than a lack
of remorse.  Trial counsel also elicited
that appellant was very young at the time of the offense and was significantly
influenced by Randall.  Finally, in his
closing argument, trial counsel argued that appellant had expressed remorse for
her behavior and referenced appellant’s statement included in the PSI report. 

          In
sum, appellant has not demonstrated that her trial counsel’s performance fell
below an objective standard of reasonableness. 
Accordingly, we hold that appellant has not satisfied Strickland’s first prong.

          We
overrule appellant’s sole issue.  

Conclusion

          We
affirm the judgment of the trial court.  

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Sharp, and Brown.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code ann. § 20.04(a)
(Vernon 2011).