Opinion issued December 23, 2004








     







In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01041-CR




CHARLES FRANKLIN MCAFEE, Jr., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 02CR2610




          A jury found appellant Charles Franklin McAfee, Jr. guilty of the offense of
aggravated robbery. McAfee stipulated to the truth of two enhancement paragraphs
that he had two prior felony convictions, and the trial court, having found the
enhancements true, assessed punishment at twenty-eight years’ confinement. In this
appeal, McAfee contends that: (1) the trial court erred in granting the State’s request
to amend the indictment on the day of trial; and (2) he received ineffective assistance
of counsel. Facts
          On June 8, 2002, at 5:20 a.m., McAfee entered the Rush-In Grocery, a
convenience store in Santa Fe, Texas. The cashier, Raye Ann Clark, testified at the
trial that McAfee entered the store and began looking at oil while she waited on
another customer. After the customer exited the convenience store, McAfee brought
the oil up to the counter. As Clark examined the oil to locate its price, McAfee pulled
out a knife and asked her if she had ever been robbed. McAfee jumped up onto the
counter, asked Clark to open the cash drawer, and requested her to go to the cooler. 
Clark moved towards the cooler and then she heard McAfee leave the store. She then
ran to the front of the store, where she saw a two-tone Bronco exiting the parking lot. 
Clark called emergency assistance to report the robbery. 
          Captain G. Keith Meenen, along with several other members of the Santa Fe
Police Department, arrived at the convenience store to investigate the robbery. Clark
gave the responding officers a description of the suspect and the vehicle he was
driving. McAfee became a suspect in the robbery almost six months later, when a
patrol officer pulled him over during a routine traffic stop. The officer noted the
similarities between the description of the suspect and the Bronco to the driver and
his vehicle that he had stopped. A short time later, Clark identified McAfee out of
a six-person photographic lineup. Meenen filed an arrest warrant for McAfee based
on the positive identification and the matching vehicle description. 
Indictment Amendment
          In his first issue, McAfee contends that the trial court erred in granting the
State’s request to amend its indictment on the day of trial. After the trial court called
McAfee’s case to trial and seated the jury panel, the prosecutor presented the trial
court with a motion for leave to amend the indictment. The original indictment states
that the victim of the aggravated robbery is Andy McDonald, the store owner. In her
amendment, the prosecutor sought to change the name of the victim to Ray Anne
Clark, the store clerk.


 The trial court then inquired of McAfee’s counsel: 
 
[The Court]: Is there any objection to the amendment of the indictment
at this time?
 
[Trial Counsel]: Does that motion have an order with it?
 
          [The Court]: No. 
 
          [Trial Counsel]: If you could handwrite some order –
 
          [The Court]: Oh, I will write an order.
 
          [Prosecutor]: Can the judge make a docket sheet entry?
 
[The Court]: Yeah, I will make a docket sheet entry and write that the
indictment has been amended. I guess my question to you, Mr.
Donahue, really is does your client, if I amend the indictment, accept the
indictment?
Is he waiving his 10 days notice or is he going to proceed to trial at this
time?
 
[Trial Counsel]: He is waiving the 10 days notice, Your Honor.
 
[The Court]: Okay. The motion by the state [sic] to leave to amend the
indictment is granted, . . . .
 
[Trial Counsel]: . . . I want to talk to my client just a moment further
about this amendment just for a moment, please. 
 
[The Court]: Okay. Do you want me to ask your client if he is apprised
of his rights for 10 days and have you explained it to him?
 
          [Trial Counsel]: I have discussed it with him.
 
          [The Court]: So, you don’t think I need to do that?
 
          [Trial Counsel]: No, ma’am. 
 
[Prosecutor]: Do you want to put on the record that you advised him?
 
          [Trial Counsel]: No. 
 
McAfee concedes that his trial counsel failed to object to the amendment, yet he
maintains that his right to a ten-day continuance is a critical and substantive right, and
thus the trial court should have directed its question to him. See Tex. Code Crim.
Proc. Ann. art. 28.10 (Vernon 1989) (“on request of the defendant, the court shall
allow not less than 10 days . . . to respond to the amended indictment or
information”). The first time McAfee complained of the failure to receive ten days’
notice, however, was during the motion for new trial hearing. 
          The State responds that article 28.10(a) expressly requires a criminal defendant
to request the ten-day period to respond to an amended indictment. See Tex. Code
Crim. Proc. Ann. art. 28.10(a).


 The State contends that trial counsel waived
McAfee’s objection to the indictment amendment, and thus he did not properly
preserve his issue for appeal. 
          We agree. While McAfee was entitled to the ten-day period in order to respond
to the amendment, article 28.10(a) requires him to request the continuance. See Tex.
Code Crim. Proc. Ann. art. 28.10(a). We note that the pertinent part of article 1.14
of the Code of Criminal Procedure states that a “defendant in a criminal prosecution
for any offense may waive any rights secured him by law.” See Tex. Code Crim.
Proc. Ann. art. 1.14(a) (Vernon 1977 & Supp. 2004-2005). Further, “if a defendant
does not object to a defect, error, or irregularity of form or substance in an indictment
. . . before the date the trial on the merits commences, he waives and forfeits the right
to object to the defect, error, or irregularity and he may not raise the objection on
appeal or in any other postconviction proceeding.” See Tex. Code Crim. Proc. Ann.
art. 1.14(b); see also Tucker v. State, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999)
(finding that prerequisite to presenting a complaint for appellate review is showing
in record that complaint was made to trial court by request, objection, or motion that
was timely and sufficiently specific to make trial court aware of grounds of
complaint); Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998) (holding that
in order to preserve error for appellate review, complaining party must make timely,
specific objection). Here, the record clearly indicates that trial counsel waived the
notice period in open court and within McAfee’s presence. In his answer to the trial
court, trial counsel stated he had discussed the indictment amendment and notice
period with McAfee. We therefore hold that McAfee has waived his complaint as to
the indictment amendment and the lack of a ten-day continuance. Ineffective Assistance of Counsel
          In his second issue, McAfee contends that his trial attorney failed to render
effective assistance of counsel. McAfee further contends that his trial counsel was
ineffective because he failed to object to the State’s motion for leave to amend the
indictment and he refused to allow McAfee to present witnesses on his behalf. To
prevail on a claim of ineffective assistance of counsel, the defendant must show (1)
his counsel’s performance was deficient; and (2) a reasonable probability exists that
the result of the proceeding would have been different. Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). 
          The first prong of Strickland requires the defendant to show that counsel’s
performance fell below an objective standard of reasonableness. Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Thus, the defendant must prove by a
preponderance of the evidence that his counsel’s representation objectively fell below
professional standards. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002). 
          The second prong requires the defendant to show a reasonable probability that,
but for counsel’s unprofessional errors, the result of the proceeding would have been
different. See Strickland, 466 U.S. at 693-94; see also Thompson, 9 S.W.3d at 812. 
The Court of Criminal Appeals has observed that the “purpose of this two-pronged
test is to judge whether counsel’s conduct so compromised the proper functioning of
the adversarial process that the trial cannot be said to have produced a reliable result.” 
Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); see also Thompson, 9
S.W.3d at 812-13 (citing McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App.
1992)). A reviewing court must indulge a strong presumption, however, that
counsel’s conduct falls within the wide range of reasonable professional assistance;
that is, the defendant must overcome the presumption that, under the circumstances,
the challenged action might be considered sound trial strategy.” Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065. Any allegation of ineffectiveness must be firmly founded
in the record, and the record affirmatively must demonstrate the alleged
ineffectiveness. See Thompson, 9 S.W.3d at 813 (citing McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996)). Failure to make the required showing of
either deficient performance or sufficient prejudice defeats an ineffectiveness claim. 
Thompson, 9 S.W.3d at 813.
Failure to Object to Indictment Amendment
          McAfee claims that trial counsel’s failure to object to the State’s motion to
amend the indictment constitutes ineffective assistance of counsel. Specifically, he
claims that in waiving the ten-day period, counsel did not have time to adequately
prepare his defense. McAfee contends that the amendment naming a different
complaining witness caused a major change in the defense of the case.
          At the hearing on the motion for new trial, McAfee stated he did not waive his
right to ten days to prepare for trial, and therefore his trial counsel was ineffective in
waiving this right. Trial counsel testified at the motion for new trial hearing that he
was aware of the error in the indictment alleging the wrong complainant’s name. He
stated that “right up until we walked into trial beginning on that Tuesday morning,
I was basically hoping to get a windfall.” Trial counsel specifically stated that the
“defect in the indictment in this case made it difficult to try to sneak into the Court,
and that’s what the strategy was.” At the hearing, trial counsel clearly stated that his
failure to challenge the indictment or request the ten days’ continuance was part of
his trial strategy, as opposed to an oversight on his part. Thus, McAfee has not
overcome the presumption that his trial counsel’s inaction was the result of 
reasonable trial strategy. Trial counsel stated at the motion for new trial hearing that
he was aware of the error in the indictment, but it was his trial strategy to try to
“sneak [the defect] into the Court.” We conclude that the record does not indicate
that trial counsel’s failure to object was unreasonable under the circumstances. 
Failure to Allow Defendant to Present Witnesses
          Next, McAfee contends that he received ineffective assistance of counsel
because his trial counsel failed to call certain witnesses at his trial. He cites Rock v.
Arkansas for the proposition that it is the personal right of a defendant to call
witnesses on his behalf. 483 U.S. 44, 49-53, 107 S. Ct. 2704, 2708-10 (1987). He
also contends that this right is personal to the defendant and cannot be waived by the
trial court or by defense counsel. United States v. Teague, 953 F.2d 1525, 1532,
(11th Cir. 1992). These cases are easily distinguished from our facts. Both Rock and
Teague stand for the proposition that the rights of a criminal defendant to testify in
his own behalf may not be waived by defense counsel. See Rock, 483 U.S. at 51-53,
107 S. Ct. 2708-10; see also Teague, 953 F.2d at 1532. 
          A criminal defense lawyer has the responsibility to conduct a legal and factual
investigation and to seek out and interview potential witnesses. Ex parte Welborn,
785 S.W.2d 391, 393 (Tex. Crim. App. 1990); see also Rodd v. State, 886 S.W.2d
381, 384 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). An appellant who
complains about trial counsel’s failure to call witnesses must show the witnesses were
available and that he would have benefitted from their testimony. King v. State, 649
S.W.2d 42, 44 (Tex. Crim. App. 1983); Rodd, 886 S.W.2d at 384. The decision to
call a witness is generally a matter of trial strategy. See Rodd, 886 S.W.2d at 384
(citing State v. Thomas, 768 S.W.2d 335, 337 (Tex. App.—Houston [14th Dist.]
1989, no pet.). 
          At the motion for new trial hearing, McAfee complained that trial counsel did
not call the witnesses he requested. However, McAfee failed to introduce any
evidence that these witnesses were available and that his defense would have
benefitted from their testimony. Rodd, 886 S.W.2d at 384. Without more, we cannot
hold that McAfee received ineffective assistance of counsel. 
          Moreover, trial counsel testified at the hearing that he went to see and
interview each defense witness at least three times. Trial counsel stated that one of
the witnesses that McAfee requested “contradicted everything else everybody said,
and I had a question about what to do about all of it.” The record indicates that trial
counsel made a reasonable factual investigation and sought out potential witnesses
for McAfee’s defense. We presume that his failure to call certain witnesses was
reasonable trial strategy and McAfee has not overcome that presumption. We hold
that McAfee received effective assistance of counsel.

Conclusion
          We conclude that: (1) McAfee failed to object to the State’s request to amend
the indictment on the day of trial, thereby waiving his first issue; and (2) he received
effective assistance of counsel. We therefore affirm the judgment of the trial court. 
 
 
Jane Bland
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).