COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



LITTLE EARL BLAKE, § 

§ No. 08-11-00358-CR

Appellant, §

§ Appeal from the

v. §

§ 355th District Court

THE STATE OF TEXAS, §

§ of Hood County, Texas

Appellee. §

§ (TC# CR11754)

§

# **O P I N I O N**

Appellant Little Earl Blake appeals his conviction for failing to register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102 (West 2006). Appellant presents a single issue for our consideration. We affirm.

## **BACKGROUND[1]**

Appellant was charged by indictment for failing to register as a sex offender. The indictment contained an enhancement paragraph alleging a prior felony conviction for failure to register as a sex offender (Enhancement Paragraph One) and two habitual counts alleging felony convictions for burglary of a habitation (Habitual Count One) and burglary of a building

---

[1] Appellant does not appeal the sufficiency of the evidence supporting his conviction; therefore, we provide only those facts necessary as background to this appeal.

(Habitual Count Two).

At trial, Appellant pleaded not guilty to the indictment. A jury found Appellant guilty of the felony offense of failing to register as a sex offender as alleged in the indictment.

During punishment, Appellant pleaded true to the allegations in Enhancement Paragraph One and Habitual Count One.[2] The jury found the allegations in Enhancement Paragraph One and Habitual Count One true and assessed Appellant's punishment at ninety-nine years' confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## DISCUSSION

In his sole issue on appeal, Appellant contends he was denied the effective assistance of counsel in contravention of the Sixth Amendment to the U.S. Constitution.

### Ineffective Assistance of Counsel

*Standard of Review*

To prevail on a claim of ineffective assistance of counsel, Appellant must satisfy a two-prong test by a preponderance of evidence showing that: (1) his attorney's performance was deficient; and that (2) his attorney's deficient performance deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005). Under the first prong, the attorney's performance must be shown to have fallen below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Namely, Appellant must prove that his attorney's conduct fell below the professional standard. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

---

[2] During punishment, the State elected not to proceed on Habitual Count Two.

Under the second prong, Appellant must establish that there is a reasonable probability that but for his attorney's deficient performance, the outcome of his case would have been different. *See Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812. "Reasonable probability" is that which is "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). If the two-pronged test is not satisfied the ineffective assistance of counsel claim is defeated. *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003).

An accused is entitled to reasonably effective assistance of counsel. *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). However, reasonably effective assistance of counsel does not mean errorless representation. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). On review, we presume that the attorney's representation fell within the wide range of reasonable and professional assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (quoting *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000)). Accordingly, ineffective assistance claims must be firmly found in the record, and the record must affirmatively show the alleged ineffectiveness. *Mallett*, 65 S.W.3d at 63 (quoting *Thompson*, 9 S.W.3d at 814).

When the record is silent and does not provide an explanation for the attorney's conduct, the strong presumption of reasonable assistance is not overcome. *Rylander*, 101 S.W.3d at 110-11. We do not engage in speculation to find ineffective assistance when the record is silent as to an attorney's strategy at trial. *Robinson v. State*, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000). However, when we are presented with a silent record, we can find ineffective assistance of counsel only if the challenged conduct was "so outrageous that no competent attorney would

3

have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

*Analysis*

The record before us on appeal reflects that Appellant did not file a motion for new trial and his trial counsel, Carl R. Day, has not been afforded an opportunity to explain his legal representation of Appellant. Consequently, the record is silent as to Mr. Day's strategy at trial. However, Appellant maintains that "the record shows a deficiency of counsel in the areas of preparation, advocacy, and tactics." We address each contention in turn.

**Preparation**

Initially, Appellant complains Mr. Day rendered ineffective assistance of counsel by failing to explain to the trial court that certain prior convictions that State was permitted to mention during trial were over ten years old. Appellant contends that this error allowed the State to refer to a burglary conviction and the large number of prior felony convictions on his record.

In general, a witness's credibility cannot be impeached by evidence of a prior conviction if more than 10 years have elapsed since the date of conviction unless the trial court determines that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. TEX. R. EVID. 609(b). When a prior conviction is more than ten years old, subsequent convictions for felonies or misdemeanors involving moral turpitude remove the taint of remoteness from the prior conviction. *See Jackson v. State*, 11 S.W.3d 336, 339 (Tex. App. – Houston [1st Dist.] 1999, pet. ref'd); *Hernandez v. State*, 976 S.W.2d 753, 755 (Tex. App. – Houston [1st Dist.] 1998, pet. ref'd). On appeal, Appellant asserts that the trial court erred by allowing the State to refer to Appellant's prior conviction

4

since Mr. Day lodged an objection.   Yet, Appellant contends that even though Mr. Day had an opportunity to explain Appellant's conviction dates to the trial court, he failed to do so.

Appellant's allegation is not firmly founded in the record.   The record shows that when the State began to question Appellant about his prior convictions during cross-examination, Mr. Day objected to the State's line of questioning.   The trial court then held a bench conference outside of the presence of the jury during which the following exchange occurred:

The State: All of these were felony convictions within the last ten years.

The Court: Within the last ten years?

.   .   .

Mr. Day: I'm sorry?

The State: These were felony convictions within the last ten years.   You put him on the stand.

Mr. Day: But these occurred in '98 and '99.

The State: I don't - - those were the juvenile ones.

Mr. Day: I'm sorry?

The State: Those were the juvenile ones.

Mr. Day: Those were the burglary felonies in Dallas County.

The Court: If they're within the last ten years, then he's allowed to go into it.

The State: 2006 and 2000 - - three-year conviction in 2000, and it's from the release of confinement, Your Honor, and he's taken the stand.

The Court: Uh-huh. Okay.

After the bench conference, the State continued to question Appellant about his prior convictions including a burglary of a building and burglary of a habitation.   Appellant's counsel objected to

this line of questioning on cross-examination arguing that those convictions went back twelve or thirteen years, and that they were irrelevant and improper.

Appellant's allegation is unsupported by the record as the record reflects that Mr. Day did point out to the trial court that the convictions were over ten years old. Unfounded allegations will not support a claim of ineffective assistance of counsel. *See Thompson*, 9 S.W.3d at 813-14; *Hawkins v. State*, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983).

**Advocacy**

Next, Appellant contends his trial counsel was ineffective for failing to make an opening statement at both the guilt/innocence and punishment phases of trial. Specifically, Appellant argues that "[t]hese waivers, when coupled with the almost non-existent effort put forth during [trial counsel's] closing statement on punishment, point to a lack of true advocacy on behalf of Appellant." We disagree.

In this case, the record is silent as to the reasons why Mr. Day did not deliver opening statements during the guilt/innocence and punishment phases of trial and decided to present a succinct closing argument during punishment. As correctly pointed out by Appellant, such determinations may be tactical ones, and there are several logical justifications for deciding not to provide opening statements or delivering a concise closing argument. *See Calderon v. State*, 950 S.W.2d 121, 127-28 (Tex. App. – El Paso 1997, no pet.); *Taylor v. State*, 947 S.W.2d 698, 704 (Tex. App. – Fort Worth 1997, pet. ref'd); *Standerford v. State*, 928 S.W.2d 688, 697 (Tex. App. – Fort Worth 1996, no pet.). Because the record is silent as to the reasons underlying Mr. Day's alleged ineffective acts and omissions during trial, we will not speculate that trial counsel's decision did not constitute reasonable trial strategy. *Robinson*, 16 S.W.3d at 813 n.7.

6

Accordingly, we cannot conclude that the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392.

## Tactics

Lastly, without citing to any authority, Appellant claims he received ineffective assistance of counsel because Mr. Day called Appellant to the witness stand during the guilt/innocence and punishment phases of trial. Appellant asserts that Mr. Day's actions "created rather disastrous results" including opening the door to the State to introduce evidence that otherwise would not have come in.

In a criminal case, an accused has the right to take the witness stand and testify in his own defense, and such a right is fundamental and personal to the accused. *Johnson v. State*, 169 S.W.3d 223, 232 (Tex. Crim. App. 2005) (citing *Rock v. Arkansas*, 483 U.S. 44, 49, 107 S.Ct. 2704, 2708, 97 L.Ed.2d 37 (1987)). The record is silent regarding the trial counsel's reasons for calling Appellant to the stand to testify.[3] There is nothing in the record suggesting that Appellant did not want to testify or indicating whether Mr. Day and Appellant discussed Appellant's right to testify. Based on the record presented, we do not know whether Mr. Day advised Appellant to testify or discouraged him from taking the stand.

In general, the decision to present witnesses is a matter of trial strategy. *Rodd v. State*, 886 S.W.2d 381, 384 (Tex. App. – Houston [1st Dist.] 1994, pet. ref'd). Based on this record, we decline to find that Day engaged in conduct that fell below an objective standard of reasonableness. *See Rylander*, 101 S.W.3d at 111 (noting that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective"); *see*

---

[3] However, the record does reflects that when the trial court asked Mr. Day if he had any witnesses that he was going to call, Mr. Day indicated that he would call Sonie Johnson and "[p]erhaps the defendant . . . ."

7

*also Paul v. State*, --- S.W.3d ----, 2012 WL 3101743, at *11-13 (Tex. App. – Tyler 2012 pet. ref'd) (declining to conclude that there could be no reasonable trial strategy for appellant's decision to elicit testimony from Appellant that waived his attorney-client privilege and permitted the State to cross-examine him about the privileged communications due to a silent record).

## Totality of the Record

Appellant further maintains that while none of Mr. Day's actions rise to the level of ineffective assistance alone, the totality of the record demonstrates Appellant's inability to have a fair trial due to the inadequate assistance of counsel he received. We have considered the record in its entirety.

Based on the record presented, we conclude that the record fails to affirmatively demonstrate the alleged ineffective assistance of counsel and Appellant has failed to satisfy his burden. *See Rylander*, 101 S.W.3d at 110-11; *Mallett*, 65 S.W.3d at 63. In addition, Appellant has not demonstrated that but for Mr. Day's deficient performance, there is a reasonable probability that the outcome of his case would have been different. *See Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812. Issue One is overruled.

## CONCLUSION

We affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

July 24, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)

8